**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEOFFREY JACOBS,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>STATE OF ARIZONA, a governmental entity; ARIZONA DEPARTMENT OF PUBLIC SAFETY, DPS, a political subdivision of the State of Arizona; ROBERT HALLIDAY, individually and in his official capacity as Director of DPS; BRENDA HALLIDAY; PENNIE GILLETTE-STROUD, in her official and individual capacity; LAURIE GRIFFITH, in her official and individual capacity; AMI HALLIDAY; GREGORY STROUD; TIMOTHY GRIFFITH,<br><br>    Defendants - Appellees. | No. 11-16078<br><br>D.C. No. 2:10-cv-01493-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted November 5, 2012
San Francisco, California

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, KLEINFELD, and BERZON, Circuit Judges.

Geoffrey Jacobs appeals the district court's dismissal of his 42 U.S.C. § 1983 action claiming violation of his civil rights arising out of an allegedly unlawful search and seizure of his computer. He contends that the search constituted an invasion of rights that led to information leading in turn to his termination from the Arizona Department of Public Safety. He unsuccessfully challenged that termination in Arizona administrative proceedings, claiming violation of his constitutional rights, but admitting to the underlying misconduct. He did not appeal to the state trial court.

The district court dismissed this action, ruling that under Arizona state law, Jacobs's constitutional claims were barred by res judicata. It relied on *Olson v. Morris*, 188 F.3d 1083 (9th Cir. 1999), which held that a plaintiff's section 1983 claims in federal court were barred by res judicata when the plaintiff failed to appeal an administrative decision to an Arizona state court with jurisdiction to adjudicate the constitutional claims. Jacobs contends that his federal claims involve constitutional rights that could not have been administratively adjudicated. Under *Olson*, however, if they could have been adjudicated in an appeal to the state court, they are barred by res judicata. 188 F.3d at 1084–87. Like *Olson*, Jacobs is

2

attempting to challenge the basis for his termination by bringing a constitutional claim in federal court after the state proceedings became final.

In this instance, neither party has cited Arizona precedent going either way on whether an Arizona court, on review of the administrative termination proceeding, would have reached the constitutional issues Jacobs seeks to adjudicate, as they may not be pertinent to the propriety of his termination as a matter of state law. But careful review of the complaint reflects that Jacobs is not seeking redress for any injuries other than those arising out of his termination. His federal complaint sought back pay, retirement benefits, and other compensation related to his employment and termination. The relief he seeks, including the plea for emotional distress, all arise from his termination. As the termination determination itself is res judicata, Jacobs cannot seek any relief on the premise that the termination was wrongful. *See Olson*, 188 F.3d at 1086 ("In Arizona, the failure to seek judicial review of an administrative order precludes collateral attack of the order in a separate complaint.").

**AFFIRMED**.